**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 6 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

   Plaintiff - Appellee,

v.

MALCOLM F. STEPHENS,

   Defendant - Appellant.

No. 02-7014

(D.C. No. CV-01-445-S, CR-99-33-S)

(E.D. Oklahoma)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **McKAY**, and **MURPHY**, Circuit Judges.

---

  After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. <u>See</u> Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

  This is a pro se federal prisoner 28 U.S.C. § 2255 appeal. Following a jury trial, Appellant was convicted on one count of attempting to manufacture methamphetamine in violation of 21 U.S.C. § 846 and was sentenced to 180

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

months imprisonment. Appellant then filed a motion to vacate, set aside, or correct his federal sentence with the district court which was denied. On appeal, Appellant argues his sentence is unconstitutional because he received ineffective assistance of counsel, because the drug quantity amount was not stated in the indictment, and because the jury did not find the drug quantity beyond a reasonable doubt.

Appellant seeks a certificate of appealability. In order for this court to grant a certificate of appealability, Appellant must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To do so, Appellant must demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quotations omitted).

Appellant alleges that his counsel was ineffective because he failed to contact certain witnesses and because he failed to enter pictures of the crime scene as evidence. In Strickland v. Washington, 466 U.S. 668 (1984), the Supreme Court set forth a two-pronged test for judging ineffective assistance of counsel claims. To warrant relief under this test, a petitioner must show (1) that his counsel's performance was constitutionally deficient, and (2) that this deficient performance prejudiced his defense. Id. at 687. Appellant does not

meet this test. Contrary to his current assertion, Appellant told the district court prior to trial that his counsel had secured all of his witnesses. We agree with the district court that even if counsel had brought the additional witnesses set forth in Appellant's complaint, those witnesses could not have refuted his criminal wrongdoing.

We also agree with the district court's determination that counsel's decision not to bring pictures of the crime scene into evidence was a "strategic choice" he made after visiting the crime scene (which counsel swore in an affidavit that he did), and thus is virtually unchallengeable per <u>Strickland v. Washington</u>, 466 U.S. 668, 691 (1984). Appellant's complaint fails to show that his counsel was ineffective or that he was prejudiced by counsel's failure.

Appellant also alleges that because the drug amount was not stated in the indictment nor proven by a jury, <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000), has been violated and his sentence should be overturned. The Supreme Court held in <u>Apprendi</u> that any fact which increases the punishment for a crime above the statutory maximum for that crime must be pleaded in the indictment, tried to the jury, and proved beyond a reasonable doubt. However, as the district court noted, Appellant's sentence was less than the statutory maximum for his crime and thus no <u>Apprendi</u> violation has occurred.

We have carefully reviewed Mr. Stephens' brief, the district court's

disposition, and the record on appeal. Nothing in the facts, the record on appeal, or his brief raises an issue which meets our standard for the grant of a certificate of appealability. We conclude that we cannot say that reasonable jurists could debate whether "the petition should have been resolved in a different manner." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

For the foregoing reasons, Appellant's request for a certificate of appealability is **DENIED**, and the appeal is **DISMISSED**. In light of the district court's order granting Mr. Stephens' motion to proceed *in forma pauperis* on appeal, his request to this court is moot.

Entered for the Court


Monroe G. McKay
Circuit Judge